IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARITY TERSIA MARSHALL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-1373-L-BK** |
| | § | |
| **THE TEXAS LOTTERY,** | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On May 13, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that this action be dismissed without prejudice for lack of subject matter jurisdiction, as the allegations in Plaintiff's Complaint do not support the existence of jurisdiction based on either a federal question or diversity of citizenship. The magistrate judge further recommends that the court not give Plaintiff, who is proceeding pro se without paying the case filing fee, an opportunity to amend her pleadings because the jurisdictional deficiencies in her Complaint are not curable and granting her leave to amend would be futile. Finally, the magistrate judge recommends that the court warn Plaintiff against continuing to file frivolous or baseless actions, or actions over which jurisdiction is lacking. No objections to the Report were filed as of the date of this order, and the deadline for filing objections under Federal Rule of Civil Procedure 72 has expired.

Having considered the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and it **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action for lack of subject matter jurisdiction. Further, Plaintiff has not sought to amend her pleadings to cure the

**Order – Page 1**

jurisdictional deficiencies identified or filed objections to the Report, and the court determines that any attempt at amendment would be futile and unnecessarily delay the resolution of this litigation. The court, therefore, will not allow Plaintiff an opportunity to amend her pleadings. **Plaintiff is warned that, if she persists in filing frivolous or baseless actions, or actions over which jurisdiction is lacking (this being the third action she has filed in which subject matter jurisdiction is lacking), the court may impose monetary sanctions and/or bar her from bringing further actions.**

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court incorporates by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

It is so ordered this 3rd day of June, 2026.

Sam A. Lindsay
United States District Judge

Order – Page 2